IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOHN RICHARD JASSO, § <br> ID # 08437-063, § <br> § <br> Movant, § <br> § <br> VS. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | Civil Action No. 2:23-CV-192-D <br> (Criminal No. 2:18-CR-00051-D) |

MEMORANDUM OPINION
AND ORDER

Respondent United States of America (the "government") moves to dismiss movant John Richard Jasso's ("Jasso's") 28 U.S.C. § 2255 motion as time-barred. Concluding that Jasso's motion is untimely, the court grants the motion and dismisses Jasso's § 2255 motion with prejudice. The court also denies a certificate of appealabilty.

I

On February 20, 2019 the court sentenced Jasso to 104 months' imprisonment, followed by three years of supervised release, based on his guilty plea to the offense of convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Jasso's direct appeal was dismissed as frivolous on October 14, 2019.

On November 28, 2023 Jasso filed the instant motion under 28 U.S.C. § 2255, challenging his sentence. He maintains that subsequent changes in the law render his motion timely and entitle him to a sentence reduction. The government moves to dismiss, contending that Jasso's motion is untimely because he filed it more than one year after his

conviction became final. In response, Jasso maintains on various grounds that his motion should be deemed timely.

## II

### A

A motion under 28 U.S.C. § 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). It is undisputed that Jasso's motion is untimely under § 2255(f)(1) because it was filed more than one year after his conviction became final.[1] Jasso also

---

[1] The government contends that Jasso did not file an appeal and that his conviction became final on March 6, 2019. The record shows, however, that Jasso filed a notice of appeal on March 1, 2019. The appeal was dismissed as frivolous on October 14, 2019. His conviction therefore became final on Monday, January 13, 2020 (the last day would have been Sunday, January 12, 2020, but this deadline was extended to the next business day pursuant to Fed. R. Civ. P. 6(a)(1)). *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (a conviction becomes final for § 2255 purposes at the expiration of the direct appeal process). To be timely under § 2255(f)(1), Jasso must have filed his motion no later than

maintains, however, that he has a newly recognized and retroactive right that was established after his conviction, presumably asking the court to apply § 2255(f)(3) and deem his motion to be timely filed. Under § 2255(f)(3), a movant has one year from the date the newly recognized right is established to file a motion for relief. *See Dodd v. United States*, 545 U.S. 353, 357 (2015).

B

Jasso also posits that the one-year limitation period began when the Supreme Court decided *Borden v. United States*, 593 U.S. 420 (2021), and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). But even if *Borden* or *Bruen* provides a newly recognized right that retroactively applies (a question the court need not reach), Jasso's motion is untimely because he did not file it within one year of either *Borden* or *Bruen*. *See Esparsa v. United States*, 2021 WL 2598688, at *2 (N.D. Tex. May 4, 2021) (Ramirez, J.) ("Even if the Supreme Court had made *Rehaif* retroactive, it was decided on June 21, 2019, so any habeas action relying on it must have been brought by June 21, 2020."), *rec. adopted*, 2021 WL 2592548 (N.D. Tex. June 23, 2021) (Fitzwater, J.). *Borden* was decided on June 10, 2021, and *Bruen* was decided on June 23, 2022, meaning that Jasso was obligated to file his motion no later than June 10, 2022, for his *Borden* argument, or by June 23, 2023, for his *Bruen* argument. He filed this motion on November 28, 2023, which is well outside the limitations period provided by § 2255(f)(3), assuming that either *Borden* or *Bruen* operated

---

January 13, 2021.

to extend it.[2]

C

The statute of limitations can also be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The movant bears the burden to show his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).

Jasso alleges that he was prevented from accessing the prison law library due to pandemic restrictions, which were not lifted until May 2023. Lack of access to an adequate prison law library can toll the one-year limitations period to file a federal habeas petition in some circumstances. *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). But to toll the limitations period, the lack of library access must have "actually prevented [the

---

[2] Jasso also seeks relief pursuant to *United States v. Gomez*, 23 F.4th 575 (5th Cir. 2022), and *United States v. Combs*, 2022 WL 287556 (5th Cir. Jan. 31, 2022) (per curiam). But because these cases are Fifth Circuit decisions, not Supreme Court decisions, they do not operate to extend the statute of limitations. *See* § 2255(f)(3).

petitioner] from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original); *see also Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011) (per curiam) ("[I]gnorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling."); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (same).

An institutional lockdown or a delay in access to a law library is not of itself a rare and exceptional circumstance that warrants equitable tolling. *Lewis v. Casey*, 518 U.S. 343, 362 (1996) (holding that as long as lockdowns are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance). Judges of this court have held that intermittent lockdowns and diminished access to the law library as a result of pandemic restrictions do not constitute "extraordinary circumstances" that warrant equitable tolling. *See, e.g., Delarosa v. Dir., TDCJ-CID*, 2022 WL 850041, at *2-3 (N.D. Tex. Feb. 22, 2022) (Toliver, J.) (collecting cases and holding pandemic-related circumstances, including lockdowns and diminished library access, did not prevent filing of habeas petition), *rec. adopted*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (Fitzwater, J.); *Herrera v. United States*, 2023 WL 3742348 (N.D. Tex. Apr. 24, 2023) (Toliver, J.) (movant "fails to demonstrate how the COVID-19 pandemic prevented her from timely filing her § 2255 motion"), *rec. adopted*, 2023 WL 3743158 (N.D. Tex. May 31, 2023) (Fitzwater, J.); *Sanders v. United States*, 2022 WL 4086793 at *3 (N.D. Tex. Aug. 2, 2022) (Toliver, J.) (finding equitable tolling was not warranted where the movant made

- 5 -

"broad-based allegations" that his prison had been on lockdown but failed to address how the pandemic restrictions affected him personally), *rec. adopted*, 2022 WL 4084426 (N.D. Tex. Sept. 6, 2022) (Fitzwater, J.); s*ee also United States v. Caldwell*, 2020 WL 2849997 at *2 (S.D. Tex. June 1, 2020) ("Even if prison law libraries are closed due [to] the current COVID-19 pandemic, prison mail systems are not. The Bureau of Prisons' COVID-19 Modified Operations Plan has not prevented inmates from filing motions and responses in other cases . . . .").

Jasso offers no explanation for his failure to file his *Bruen*-based § 2255 motion after pandemic restrictions were lifted in May 2023, considering that the statute of limitations did not expire until June 23, 2023. Jasso has also failed to present any facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from filing his § 2255 motion within either the *Borden* or the *Bruen* limitations periods. The court therefore concludes that his motion is barred by the statute of limitations.

D

Jasso's motion under 28 U.S.C. § 2255 motion is dismissed with prejudice. His motion for judicial notice and motion to appoint counsel are denied as moot.

III

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that Jasso has failed to show (1) that reasonable jurists would find this court's

"assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Jasso files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed in forma pauperis.

**SO ORDERED**.

February 22, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE